UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MORRIS MOTEL, LLC,

                Plaintiff,                     **MEMORANDUM AND ORDER**

           v.                               20-CV-3350 (RPK) (AYS)

PAUL M. DECHANCE, Chairman, JAMES
WISDOM, Vice-Chairman, CHARLES
LAZAROU, HOWARD BERGSON,
RONALD LINDSAY, RICK CUNHA
and WAYNE RODGERS, constituting
the Members of the Zoning Board of
Appeals for the Town of Brookhaven;
the BOARD OF ZONING APPEALS OF
THE TOWN OF BROOKHAVEN; and the
TOWN OF BROOKHAVEN,

                Defendants.
----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Motel Morris, LLC, owns and operates a recently renovated motel in the Town of Brookhaven, New York. In this lawsuit against the Town, its Board of Zoning Appeals ("BZA"), and the BZA's members, plaintiff alleges that the Town committed an unconstitutional taking, and that all defendants deprived plaintiff of substantive due process, because defendants denied plaintiff a zoning variance for certain motel renovations and refused to issue a Certificate of Occupancy for the as-renovated motel. Plaintiff and defendants have filed cross-motions for summary judgment. For the reasons explained below, defendants' motion is granted and plaintiffs' cross-motion is denied.

## BACKGROUND

      The facts in this section are taken from the parties' statements of facts filed in accordance with Local Rule 56.1, and the accompanying exhibits, except where otherwise noted.

1

Since 2014, plaintiff has owned a motel in the Town of Brookhaven, New York, as well as the land on which the motel sits. Pl.'s Resp. to Defs.' Local Rule 56.1 Statement ¶ 5 (Dkt. #32) ("Pl.'s Rule 56.1 Resp."); Decl. of Fredrick P. Stern 63–64 (Dkt. #31-2) ("Stern Decl.").[1] The property has been the site of a motel since the 1950s. Pl.'s Rule 56.1 Resp. ¶ 5.

Plaintiff's lot is currently split-zoned J-2 Business and A-1 Residence District. Pl.'s Local Rule 56.1 Statement ¶ 6 (Dkt. #31-3) ("Pl.'s Rule 56.1"). Those designations do not permit motel operation. S*ee* Brookhaven Town Code ("Town Code") §§ 85-425, 431 (J-2 Business zoning); *id*. at § 85-197 (A-1 Residence District zoning).[2] But the Town has long allowed the motel to operate on the lot by issuing Certificates of Occupancy, dating to the 1950s, and a Certificate of Existing Use, dating to 1977, permitting this nonconforming use. Pl.'s Rule 56.1 Resp. ¶ 4; Decl. of Kenneth J. Lauri 4–6 (Dkt. #30-4). These certificates pre-date the J-2 and A-1 zoning designations for plaintiff's lot. Defs.' Mem. in Supp. of Summ. J. 12 (Dkt. #30-2); *see* Pl.'s Mem. in Supp. of Summ. J. 17 (Dkt. #31-4) ("Pl.'s Mem. in Supp.").

In 2015, plaintiff applied for, and received, a building permit to conduct "[i]nterior and exterior renovations" and to "[r]eplace interior finishes" and "exterior siding." Defs.' Mot. for Summ. J. Ex. Building Permit 2 (Dkt. #30-6). This permit provided that, before the Town would issue a new Certificate of Occupancy allowing the motel to resume operations, a building inspector would inspect the motel to ensure compliance with the Town Code. *Ibid*.

During the renovations, "[a] stop work order was issued for various aspects of the work being performed," Pl.'s Rule 56.1 ¶ 10, and a building inspector advised plaintiff that plaintiff

---

[1] All pagination refers to the Electronic Case Filing ("ECF") pagination, unless otherwise noted.

[2] The Brookhaven Town Code, available at https://ecode360.com/BR0012, is an appropriate object of judicial notice. *Lepper v. Vill. of Babylon*, No. 18-CV-7011 (JMA) (AYS), 2022 WL 939719, at *24 (E.D.N.Y. Mar. 29, 2022) (taking judicial notice of the online Village of Babylon Zoning Code); *Quick Cash of Westchester Ave. LLC v. Vill. of Port Chester*, No. 11-CV-5608 (CS), 2013 WL 135216, at *4 (S.D.N.Y. Jan. 10, 2013) (similar).

2

needed to clarify with the BZA whether the renovations might be considered an impermissible extension of a nonconforming use under the Town Code. Decl. of Robert Foley ¶ 9 (Dkt. #31-1) ("Foley Decl.").

In 2016, plaintiff applied to the BZA for variances to pave the parking lot and allow a sign setback. Pl.'s Rule 56.1 Resp. ¶ 7. The BZA held a hearing on those requests in 2017. *Id*. ¶ 13. In connection with the requests, plaintiff submitted a survey of the motel parcel reflecting that, as part of repairs to the motel's foundation, plaintiff had increased the foundation's footprint by 353 square feet, from 647 to 1,000 total square feet. *Id*. ¶¶ 8, 12.

This increase became the focus of the hearing. Plaintiff's application was held in abeyance until plaintiff also sought a variance for the square-footage increase. Stern Decl. 29–33. Plaintiff submitted that request, and the BZA held a second hearing. Pl.'s Rule 56.1 Resp. ¶ 13; Foley Decl. 5.

The BZA then issued a decision denying plaintiff's variance requests. Pl.'s Rule 56.1 Resp. ¶ 14. To justify this denial, the BZA invoked Section 85-883(A)(2) of the Town Code, which provides that "[a] nonconforming use shall not be extended," subject to the caveat that "the extension of a lawful use to any portion of a nonconforming building or structure which existed prior to the effective date of the zoning ordinances of the Town of Brookhaven shall not be deemed the extension of such nonconforming use." The BZA further concluded that the expansion of the motel's footprint was not authorized under Town Code Section 85-883(A)(3), which states that "[a]dditions to existing buildings and structures with certificates of occupancy or a certificate of existing use . . . shall be permitted, provided that said additions do not encroach deeper into any nonconforming front yard, side yard or rear yard than the distance into said front yard, side yard or rear yard that the existing foundation encroaches."

3

In its decision, the BZA described plaintiff's enlargement of the motel as a "substantial deviation from the requirements of § 85-883(B)(3) of the Code, which prohibits any expansion of nonconformity resulting in an encroachment deeper into the setbacks maintained by the original nonconforming structure." Stern Decl. 64. And it stated that the "applicant's modification to the structure caused same to extend more than 10' deeper into the front yard, and almost 4' into the side yard of the parcel, in direct contradiction to § 85-883(B)(3) of the Code." *Ibid.* The BZA stated that plaintiff "had feasible alternatives" to operating the hotel in its modified form, because it "can feasibly return the structure to its former dimension . . . which will enable applicant to continue to benefit from the nonconforming use on the parcel." *Id.* 65. Because the BZA denied a variance, the Town has not issued a new Certificate of Occupancy for the motel, and this refusal has precluded plaintiff from restarting motel operations on the parcel.

Plaintiff challenged this variance denial in New York Supreme Court by initiating an Article 78 proceeding under the New York Civil Practice Law and Rules in New York Supreme Court. Pl.'s Rule 56.1 Resp. ¶ 17. That petition was transferred to the Appellate Division, which denied relief, concluding that "the determination denying the requested area variances was not arbitrary, irrational, or an abuse of discretion." Pl.'s Mot. for Summ. J., Ex. 1 – Appellate Division Decision 2–3 (Dkt. #31-10).

While the Article 78 action was pending, plaintiff filed this federal lawsuit, asserting constitutional violations under 42 U.S.C. § 1983. Compl. (Dkt. #1). Count One alleges that defendants violated plaintiff's right to substantive due process because the refusal to allow the as-renovated motel to operate has infringed on plaintiff's property interests in an arbitrary and unreasonable manner. *Id.* ¶¶ 64–79. Count Two alleges that the Town of Brookhaven's refusal to grant a variance or Certificate of Occupancy for the renovated hotel unconstitutionally deprived

4

plaintiff of property without just compensation, in violation of the Fifth and Fourteenth Amendments of the Constitution.  *Id.* ¶¶ 80–111.

The parties have moved for summary judgment on both claims.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)).  "A fact is material if it might affect the outcome of the suit under the governing law."  *Ibid*.  In assessing the record, the Court views "the evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor."  *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010).  When the parties cross-move for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration."  *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

## DISCUSSION

Plaintiff has not established a violation of its substantive due process rights, or an unconstitutional taking, even when the record is taken in the light most favorable to plaintiff.  Accordingly, defendants' motion for summary judgment is granted, and plaintiff's cross-motion is denied.

### I. Defendants Did Not Deprive Plaintiff Of Substantive Due Process.

Taking the record in the light most favorable to plaintiff, defendants have not committed any violation of the substantive due process doctrine.  "Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of

5

governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999).  To prevail on a substantive due process claim based on a zoning board's actions, a plaintiff must establish that (1) it "had a valid 'property interest' in a benefit that was entitled to constitutional protection at the time [it] was deprived of that benefit," *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995), and (2) "defendants infringed on that property right in an arbitrary or irrational manner," *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 784 (2d Cir. 2007) (citing *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 503 (2d Cir. 2001)).

Plaintiff cannot prevail because it has not shown that it has a protectable property interest in its nonconforming operation of the as-renovated motel on the parcel.  To establish a property interest for purposes of a due process claim, plaintiff must demonstrate that "an independent source such as state statutes or rules entitl[es plaintiff] to certain benefits."  *Radwan v. Manuel*, 55 F.4th 101, 125 (2d Cir. 2022) (quotation marks omitted) (quoting *Goss v. Lopez*, 419 U.S. 565, 572–73 (1975)).  Under New York law, plaintiff had a property interest in the use of its *unrenovated* structure as a motel, because "a nonconforming property use that predates the enactment of a restrictive zoning ordinance is considered a vested right entitled to constitutional protection." *Ahmed v. Town of Oyster Bay,* No. 12-CV-3654 (JMA) (SIL), 2021 WL 4463808, at *7 (E.D.N.Y. Apr. 20, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 4463489 (E.D.N.Y. Sept. 29, 2021).  But that right does not extend to plaintiff's operation of the *renovated* motel building, because a landowner's "vested right in a nonconforming structure existing at the time a prohibitory code is enacted[] does not extend to subsequent construction." *DeFalco v. DeChance*, 949 F. Supp. 2d 422, 427 (E.D.N.Y. 2013) (citation and alterations omitted); *see, e.g.*, *Matter of Hannett v. Scheyer*, 830 N.Y.S.2d 292, 293–94 (App. Div. 2007) ("Although we agree that the original dwelling was not required to conform with the setback requirements of the current

6

zoning ordinance . . . this protection did not extend to the newly constructed second story.") (citations omitted); *Matter of Frisenda v. Zoning Bd. of Appeals of Town of Islip*, 626 N.Y.S.2d 263, 263–64 (App. Div. 1995) ("Even though the petitioner's original residence is a permitted nonconforming structure . . . this factor does not mean that the structure is legalized for all future construction and should be entitled to a building permit as of right.").

Plaintiff accordingly attempts to ground its property interest in a different source, asserting that it has a protected interest in a new Certificate of Occupancy for the as-renovated motel because plaintiff was entitled to enlarge its building under the Town Code. Pl.'s Mem. in Supp. 16–17. Courts in this circuit have recognized a property interest in a desired Certificate of Occupancy "if the plaintiff can show clear entitlement to the approval" of the certificate. *Nardiello v. Town of Oyster Bay*, No. 15-CV-292, 2016 WL 1464557, at *4 (E.D.N.Y. Apr. 12, 2016); *Arrigoni Enterprises, LLC v. Town of Durham*, 629 F. App'x 23, 25 (2d Cir. 2015) (citing *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)); *Macera v. Vill. Bd. of Ilion*, No. 16-CV-668 (LEK) (TWD), 2019 WL 4805354, at *12 (N.D.N.Y. Sept. 30, 2019). To establish such an entitlement, "the plaintiff must show that, at the time the [certificate] was denied, there was no uncertainty regarding [plaintiff's] entitlement to it under applicable state or local law." *C.C.S.com USA, Inc. v. Gerhauser*, 518 F. App'x 1, 3 (2d Cir. 2013) (quoting *Natale*, 170 F.3d at 263 n.1, and citing *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. 2007)) (quotation marks and alterations omitted). Conversely, a plaintiff lacks a clear entitlement to a Certificate of Occupancy if there is "[u]ncertainty as to the meaning of [the] applicable law." *Natale*, 170 F.3d at 263. Were it otherwise, the Second Circuit has noted, federal courts would risk becoming "zoning boards of appeals," since "permit claimants would regularly be entitled to present to federal courts their disputes concerning the interpretation of local and state land use regulations." *Ibid.*

7

Plaintiff does not assert a cognizable property interest because it has not demonstrated a clear entitlement to a Certificate of Occupancy for the as-renovated motel under the Town Code. A landowner is entitled to a Certificate of Occupancy only if its property complies with the Town Code. *See* Town Code § 16-4. Plaintiff alleges that its renovated structure is compliant based on Section 85-883(B)(3), which provides that "[a]dditions to existing buildings and structures with . . . a certificate of existing use . . . shall be permitted, provided that said additions do not encroach deeper into any nonconforming front yard, side yard or rear yard than the distance into said front yard, side yard or rear yard that the existing foundation encroaches, exclusive of stoops, porches or patios." Pl.'s Mem. in Supp. 17 (quoting Town Code § 85-883(B)(3)). Plaintiff, of course, had a Certificate of Existing Use for its nonconforming, pre-renovation motel. And while plaintiff acknowledges that its renovations extended the motel's structure further into the property's rear and side yards, *see* Pl.'s Rule 56.1 Resp. ¶ 12, plaintiff contends that these additions did not "encroach deeper into any nonconforming front yard, side yard, or rear yard" because the yards, standing alone, do not violate any zoning restriction, *see, e.g.*, Pl.'s Mem. in Further Supp. of Mot. for Summ. J. 5–6 (Dkt. #31-9) (stating that expansions were consistent with Section 85-883(B)(3) because that section prohibits only expansions "which further encroach into [a] '*nonconforming* front yard, side yard or rear yard'") (emphasis in original).

But Section 85-883(B)(3) does not explain when a "front yard, side yard, or rear yard" qualifies as "nonconforming." The phase "nonconforming front yard, side yard, or rear yard" can plausibly bear plaintiff's reading—in which a yard is nonconforming only if it violates the Town Code when the yard is considered separately from the property as a whole. But the phase could also be understood to reach any front yard, side yard, or rear yard on a nonconforming lot. On this understanding, if the lot as a whole is nonconforming, so are its yards.

8

The latter reading draws support from surrounding provisions of the Town Code. It comports with Section 85-883(A)(2)'s broad statement that "[a] nonconforming use shall not be extended." In contrast, plaintiff's interpretation of Section 85-883(B)(3) would allow plaintiff to extend its nonconforming motel activity. And Section 85-883(A)(4) states that no "nonconforming use [shall] be moved in whole or in part to any other portion of the lot or parcel of land occupied by such nonconforming use." Plaintiff's construction of Section 85-883(B)(3), allowing the motel's expansion, would permit it to effectively move part of its nonconforming motel activities to "[an]other portion of the lot or parcel of land." Town Code § 85-883(A)(4). Considering Section 85-883(B)(3)'s ambiguous language and the context of these surrounding sections, plaintiff's construction of Section 85-883(B)(3) is not clearly dictated by the statutory language. In other words, this "uncertainty" about the meaning of Section 85-883(B)(3) "means that [plaintiff] did not have a 'clear entitlement' to a certificate of occupancy and therefore no cognizable property interest." *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. 2007), *certified question accepted*, 868 N.E.2d 213 (N.Y. 2007), *and certified question answered*, 879 N.E.2d 148 (N.Y. 2007).

Accordingly, defendants are entitled to summary judgment on plaintiff's substantive due process claim.[3]

## II. The Town Is Entitled To Summary Judgment On Plaintiff's Takings Claim.

The Town is entitled to summary judgment on plaintiff's claim under the Takings Clause of the Fifth Amendment, which "provides that private property 'shall not be taken for public use,

---

[3] In a few paragraphs of its summary judgment memorandum, plaintiff argues that "the issuance of a stop work order by the Town" deprived it of the "incontrovertible property interest in the use of the property as a Motel" without procedural due process, because plaintiff did not receive "a pre- or post-deprivation hearing after the issuance of the stop work orders." Pl.'s Mem. in Supp. 23–24. Because this alternative theory was not presented in plaintiff's complaint, I decline to address it. *Mosby v. Bd. of Educ. City of Norwalk*, 754 F. App'x 34, 37 (2d Cir. 2018); *Buccilli v. Foster & Garbus, LLP*, No. 17-CV-7498 (SFJ) (AYS), 2019 WL 1208792, at *4 (E.D.N.Y. Mar. 12, 2019).

9

without just compensation.'" *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 536 (2005) (citation omitted).

A takings claim requires a property interest. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000–01 (1984); *see Penn Central Transp. Co. v. New York*, 438 U.S. 104, 125 (1978). Plaintiff principally argues that it has a property interest protected by the Takings Clause because it has a clear entitlement to a Certificate of Occupancy—in other words, based on the same rationale it invokes for its substantive due process claim. Pl.'s Mem. in Supp. 18. In support, plaintiff cites only due process precedent. *Id.* at 16–17 (citing *Bower Associates v. Town of Pleasant Valley*, 761 N.Y.S.2d 64, 67–68 (App. Div. 2003), *Norton v. Town of Islip*, 239 F. Supp. 2d 264, 270 (E.D.N.Y. 2003), and *Matter of Keller v. Haller*, 641 N.Y.S.2d 380, 381–82 (App. Div. 1996)). It is not clear that property interests for purposes of the Substantive Due Process Clause are necessarily property interests under the Takings Clause. *See Gloria M. Andrews v. City of Mentor*, 11 F.4th 462, 469–73 (6th Cir. 2021) (rejecting argument that "due-process caselaw" should be used to decide takings claims); *Ganci v. New York City Transit Auth.*, 420 F. Supp. 2d 190, 196–97 (S.D.N.Y.) (describing due process cases as "instructive in defining 'property' for purposes of the Takings Clause, although it is not necessarily the case that the term 'property' in the takings context and the term 'property' in the due process context are coextensive"), *aff'd*, 163 F. App'x 7 (2d Cir. 2005). But assuming that due process cases can be cross-applied in this way, plaintiff's claim fails because plaintiff has not established the clear entitlement to a Certificate of Occupancy that gives rise to a property interest under those cases. *See* pp. 5–9, *supra*.

Any alternative takings theory in plaintiff's complaint and summary judgment briefing is too conclusory to survive summary judgment. Plaintiff alludes to regulatory takings. *See* Pl.'s Mem. in Supp. 19 (citations omitted); Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. 16

10

(Dkt. #30-19) ("Pl.'s Mem. in Opp'n"). A regulatory taking occurs when government regulation compels a physical invasion of the plaintiff's property, or when the government denies all "economically beneficial or productive use of" a property. *1256 Hertel Ave. Assocs., LLC v. Calloway*, 761 F.3d 252, 264 (2d Cir. 2014) (quoting *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992)) (quotation marks omitted). "Outside these two categories," as a general matter, "regulatory takings claims are governed by *Penn Central*" which "identified several factors— including the regulation's economic impact on the claimant, the extent to which it interferes with distinct investment-backed expectations, and the character of the government action"—as "particularly significant in determining whether a regulation effects a taking." *Lingle*, 544 U.S. at 528–29 (citation omitted).

Plaintiff cites the *Lucas* standard in its summary judgment papers—stating that "[t]he [regulatory] actions of the Defendants effectively den[y] all economically beneficial or productive use of Plaintiff's land and constitute a taking . . . [and t]he Town has diminished the value of property to an unconstitutional level." Pl.'s Mem. in Supp. 19 (citations omitted); *see* Pl.'s Mem. in Opp'n 16 (same statement). But plaintiff does not offer any supporting explanation or analysis. Because plaintiff "cannot rely . . . on mere conclusory statements" to avoid summary judgment, *Alberti v. Cnty. of Nassau*, 393 F. Supp. 2d 151, 161 (E.D.N.Y. 2005) (citing *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir.1996)), its briefing on this point—which is "merely conclusory and speculative, with no factual support in the record"—does not preserve an alternative takings theory, *Rochester v. Cnty. of Nassau*, No. 10-CV-6017 (PKC) (SLT), 2019 WL 955032, at *4 (E.D.N.Y. Feb. 27, 2019); *Daniels v. City of New York*, No. 16-CV-190 (PKC) (JO), 2018 WL 4119191, at *7 (E.D.N.Y. Aug. 29, 2018) (same); *Alberti v. Cnty. of Nassau*, 393 F. Supp. 2d 151, 167 n.4 (E.D.N.Y. 2005) (similar).

In sum, because the factual record, taken in the light most favorable to plaintiff, does not establish a protected property interest on the plaintiff's due-process-derived theory, and that is the only theory that plaintiff has supported with more than conclusory argument, defendants are entitled to summary judgment on plaintiff's takings claim. Defendants' motion for summary judgment on this claim is granted, and plaintiff's cross-motion is denied.

## CONCLUSION

Defendants' motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment is denied. The Clerk of Court is respectfully instructed to enter judgment for defendants and close this case.

SO ORDERED.

>   */s/ Rachel Kovner*
>   RACHEL P. KOVNER
>   United States District Judge

Dated: March 29, 2023
  Brooklyn, New York